**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ILESHIA GARNER                                                                     PLAINTIFF

VS.                                    No. 2:15-CV-00005-BRW

GOODYEAR TIRE & RUBBER
COMPANY, *et al.*                                                               DEFENDANTS

<u>**ORDER**</u>

Pending is Plaintiff's Motion to Remand (Doc. No. 9).  Defendant has responded.[1]  For

the reasons set out below, the motion is GRANTED.

**I.      BACKGROUND**

Plaintiff contends she was injured while riding in a car that crashed after the tire

separated.  According to the Complaint, as "a direct result of [the Goodyear] tire tread separation

and Dezmon Gordon's actions . . . [Plaintiff] experienced serious injuries."[2]  Plaintiff asserts that

Mr. Gordon, the driver of the vehicle, was negligent in failing to maintain control of the vehicle,

keep a proper lookout, make safe and evasive actions, use ordinary case under the circumstances,

and inspect the tires before the incident.[3]  As to Goodyear, Plaintiff asserts failure to test, failure

to warn, and breach of warranty claims.  Goodyear removed the case to federal court claiming

that Mr. Gordon was fraudulently joined in an effort to defeat diversity jurisdiction.[4]

---

[1]Doc. No. 14.

[2]Doc. No. 1-2.

[3]*Id*.

[4]Doc. No. 1.

## II.    DISCUSSION

Fraudulent joinder exists when a plaintiff files a "frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal."[5]  "However, if there is a 'colorable' cause of action -- that is, if the state law *might* impose liability on the resident defendant under the facts alleged -- then there is no fraudulent joinder."[6]  Here, state law *might* impose liability against the driver of the vehicle.  Defendant points out that Plaintiff testified that Mr. Gordon "was driving safely."  While this testimony may come into play when defending against the negligence claims, it does not affect the fraudulent joinder analysis.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion to Remand (Doc. No. 9) is GRANTED.  Accordingly, the Clerk of the Court is directed to forthwith REMAND this case to the Circuit Court of Phillips County, Arkansas.

IT IS SO ORDERED this 25th day of February, 2015.


/s/ Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[5] *Filla v. Norfolk Souther Ry. Co.*, 336 F.3d 806, 809-10 (8th Cir. 2003).

[6] *Id.* at 810.